# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **FELICIA BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIVIL ACTION NO.: _____ |
| | ) |
| **JOHN DOE,** | ) JURY TRIAL DEMANDED |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW**, the Plaintiff, Felicia Brown, by and through the undersigned counsel, and alleges the following:

## PRELIMINARY STATEMENT

At all times relevant to this action, Felicia Brown was housed as a pre-trial detainee at the Cleburne County Jail located in Heflin, Alabama. At all times relevant to this action, Defendant John Doe ("Defendant") was correctional officer employed at the Cleburne County Jail. On or about October 18, 2022, Defendant forced Plaintiff to engage in sexual activity with him against her will. This civil action seeks redress for Defendant's violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 and Alabama law.

1

## PARTIES

1. **Plaintiff Felicia Brown** ("Plaintiff" or "Ms. Brown") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Plaintiff was in custody of the Cleburne County Jail in Heflin, Alabama.

2. **Defendant John Doe** ("Defendant") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age. At all times relevant to this action, Defendant was a correctional officer at the Cleburne County Jail and acted under the color of law. Defendant is described as a young, white male who appeared to be in his early-to-mid-twenties. Defendant's legal name is currently unknown to Plaintiff. Upon Plaintiff's discovery of Defendant's legal name, she will promptly supplement such. Defendant is being sued in his individual and official capacities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1343(a)(4), and 42 U.S.C. § 1988(a), as this action seeks redress for a violation of Plaintiff's Eighth and Fourteenth Amendment rights under the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

5. Venue is proper in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions that give rise to Plaintiff's claims occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

6. On or about October 18, 2022, Plaintiff was an inmate housed at the Cleburne County Jail ("the Jail") located in Heflin, Alabama. Defendant was a correctional officer at the Jail.

7. On or about October 18, 2022, Plaintiff was alone in her cell when Defendant entered the cell. He began making suggestive comments to her.

8. Defendant told Plaintiff that he was the only person that cared about her. He also threatened that he could "make her life harder or easier." Defendant proceeded to remove his pants, exposing his genitalia to Plaintiff.

9. Defendant then forced Plaintiff to perform oral sex on him.

10. Upon information and belief, camera footage will corroborate Defendant entering Plaintiff's cell and staying in the cell for an elongated period.

11. Upon information and belief, other inmates who shared neighboring walls with Plaintiff's cell, overheard Plaintiff tell Defendant to leave her cell and object to Defendant's sexual advances.

12. As a result of Defendant's actions, Plaintiff sustained bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

13. More specifically, Plaintiff is fearful to leave home, extremely emotional, and exhibits signs consistent with post-traumatic stress disorder ("PTSD").

14. Even more, Defendant had a history of making inappropriate and sexually suggestive advances with female inmates. For example, and upon information and belief, he made at least two other female inmates take nude pictures of themselves on his personal cell phone for his enjoyment.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 - CRUEL AND UNUSUAL PUNISHMENT

15. Plaintiff adopts and re-alleges paragraphs 1-3 and 5-14 of this Complaint as if fully set forth herein.

16. An Eighth Amendment violation occurs when a prison official sexually abuses an inmate. The Eleventh Circuit has repetitively held that "Sexual abuse of a

prisoner by a correctional officer has no penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society."[1]

17. Defendant, in exercising his authority as a Cleburne County Jail Officer, forced Plaintiff to engage in sexual acts with him against her will.

18. At all times relevant to this inappropriate and unconstitutional conduct, Plaintiff was an inmate and Defendant was a correctional officer that possessed the authority to discipline Plaintiff if she did not comply with his demands. In Defendant's own words, "he had the power to make things easier or harder" on Plaintiff if she refused.

19. Defendant ensured that Plaintiff understood the power imbalance and her inability to deny his sexual advances.

20. Defendant's exercise and control over Plaintiff served no penological purpose and was thus unlawful.

21. As a direct and proximate result of Defendant's actions, Plaintiff sustained bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

---

[1] *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006).

## STATE CLAIMS

### COUNT II: NEGLIGENCE

22. Plaintiff adopts and re-alleges paragraphs 1-14 of this Complaint as if fully set forth herein.

23. Defendant, individually and in his capacity as a Cleburne County Jail Officer, owed Plaintiff a duty to supervise inmates, ensure a reasonably safe and secure environment at the Jail, and follow all laws and Jail policies and procedures in interacting with inmates.

24. On October 18, 2022, Defendant breached that duty when he forced Plaintiff to engage in indecent sexual acts with him.

25. As a direct and proximate result of the Defendant's breach, Plaintiff sustained bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

### COUNT III: VIOLATION OF ALABAMA CODE § 14-11-31 - NEGLIGENCE PER SE

26. Plaintiff adopts and re-alleges paragraphs 1-14 of this Complaint as if fully set forth herein.

27. Negligence per se arises from the premise that the legislature may enact a statute that replaces the common law standard of the reasonably prudent person with an absolute standard of care.

28. When such a statute is in place, anyone who violates that statute and causes injury to a person whom the statute is intended to protect is liable for negligence per se.

29. Alabama Code Section 14-11-31(a) explains that "It shall be unlawful for any employee to engage in sexual conduct with a person who is in the custody of the Department of Corrections, the Department of Youth Services, a sheriff, a county, or a municipality."

30. The purpose of this statute is to strictly prohibit any sexual conduct between correctional employees and those in custody of the State of Alabama.

31. Defendant clearly violated the statute when he forced Plaintiff to perform oral sex on him.

32. Defendant's violation of Alabama Code Section 14-11-13(a) was the direct and proximate cause of Plaintiff's bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

### COUNT IV: ASSAULT & BATTERY

33. Plaintiff adopts and re-alleges paragraphs 1-5, 7-9, and 12-13 of this Complaint as if fully set forth herein.

34. On October 18, 2022, Defendant intended to and did cause harmful and offensive contact to Plaintiff when he forced her to perform oral sex on him against her will.

35. Additionally, Defendant sadistically, maliciously, willfully, and intentionally used his position as a correctional officer to sexually abuse Plaintiff.

36. As a result of Defendant's actions, Plaintiff suffered bodily injury, humiliation, mental anguish, and unnecessary infliction of pain and distress.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests this Honorable Court enters judgment in her favor and against Defendant for the following relief:

a. Compensatory damages for emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e. All other monetary and/or equitable relief that this Honorable Court deems appropriate and just.

## JURY DEMAND

Plaintiff respectfully requests trial by jury on all issues so triable.

Submitted this 18th day of October 2024.

Respectfully submitted,

*/s/ Kristen E. Gochett*
Leroy Maxwell, Jr.
Kristen E. Gochett
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Maxwell & Tillman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
kgochett@mxlawfirm.com
maxwell@mxlawfirm.com

**DEFENDANT SERVED VIA PRIVATE PROCESS SERVER.**

*/s/ Kristen E. Gochett*
OF COUNSEL